T.C. Memo. 2008-154

UNITED STATES TAX COURT

GLEN GODBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9709-06.                    Filed June 17, 2008.

Glen Godby, pro se.

<u>Denise A. DiLoreto</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency for 2003
based upon the disallowance of head of household filing status
and the earned income credit.  Because petitioner's two children
lived with him for less than one-half the year, we sustain
respondent's determination.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.[1]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.   At the time the petition was filed, petitioner resided in West Virginia.

On his Form 1040, U.S. Individual Income Tax Return, filed for 2003, petitioner claimed head of household as his filing status and also claimed an earned income credit based upon two qualifying children--his two sons.

Petitioner and his former spouse were married in 1992.  They had two sons, one born in 1993 and one in 1994.  A decree of divorce was entered ending the marriage in June 2002.  Pursuant to an order of the West Virginia Family Court (family court), petitioner was allowed to claim both of his sons as dependents on his 2003 tax return.

The 2002 decree of divorce provides that petitioner's ex-spouse was the primary custodian of the two children and that the children were to live with her 64.66 percent of the time and to live with petitioner 35.34 percent of the time.  This decree

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and as in effect for the year in issue, unless otherwise indicated.

remained in effect until December 2003 when the family court ordered petitioner to have the children every other weekend and from December 26 until the end of the year.

On February 13, 2006, respondent issued a statutory notice of deficiency to petitioner for 2003 determining an income tax deficiency of $4,204. On May 22, 2006, petitioner filed a petition. In order to be timely, the petition was due to be filed on or before May 15, 2006. The wrapper in which the petition was mailed to the Court shows a U.S. postmark of May 15, 2006. Therefore, the Court deems the petition timely.

<u>Discussion</u>

Section 2(b) provides, as pertinent to this case, that an individual is entitled to filing status as head of household if the individual is not married at the close of the taxable year and maintains as his or her home a household which is for more than one-half of the taxable year the principal place of abode of his or her child. A taxpayer does not qualify for filing as head of household when he or she fails to produce proof that the child lived with the taxpayer for more than one-half of the year in question. <u>Castleton v. Commissioner</u>, T.C. Memo. 2005-58, affd. 188 Fed. Appx. 561 (9th Cir. 2006).

Section 32 allows an eligible individual to claim an earned income credit against his or her income for the taxable year, and the amount of the credit is calculated as a percentage of the

taxpayer's earned income.  The issue is whether petitioner is entitled to the credit based upon having qualifying children as defined in section 32(c)(3).  Section 32(c)(3)(A)(ii) includes in the definition of a qualifying child the requirement that the child have "the same principal place of abode as the taxpayer for more than one-half of such taxable year".

Rule 142(a) provides that the "burden of proof shall be upon the petitioner".  However under section 7491 if the taxpayer introduces credible evidence with respect to a factual issue, the burden of proof is placed upon the Commissioner.  Section 7491 does not apply here.  Petitioner has failed to meet the requirements of section 7491(a)(2) because he failed to substantiate or for that matter provide any evidence as to where his children resided during the taxable year.  The only evidence in the record supports respondent's conclusion that petitioner is not entitled to the credit associated with two qualifying children.  As we have found in our findings of fact, the family court provided that petitioner's ex-spouse would be the custodial parent and that she would have custody for approximately two-thirds of the taxable year.  Petitioner has failed to provide any evidence that either of the children had as his principal place of abode petitioner's home for more than one-half of the taxable year in 2003.  Accordingly, we hold that petitioner is liable for the $4,204 income tax deficiency for the 2003 tax year.

To reflect the foregoing,

Decision will be entered

for respondent.